RANKIN & COWDEN v. JOHN LINGO, Appellant.

**Waters and water courses:** CONSTRUCTION CONTRACTS: PERFORMANCE: 1 FINDING OF FACT. Under a contract to construct a ditch to carry the water of a river in a straight channel, providing that it should have a uniform fall equal to the natural fall of the river between the initial and terminal points of the ditch, with a specified uniform depth and width at the top and bottom,

subject to such variations in depth and surface width as the nat-
ural surface of the ground required, the intention being that
it should have a usual level of the bottom of the river, an instruc-
tion that if the bottom of the ditch, at its initial, terminal and
intersecting points, was on a level with the bottom of the river
channel it was a compliance with the contract, and that slight
variations not materially affecting the flow of the water were
immaterial, was a correct construction of the contract; and
a finding of full compliance with the contract, having support
in the evidence, was conclusive on the subject.

**Same.** Under a contract for the construction of a ditch providing
for specified payments as certain parts are completed, and also
providing that it shall be the duty of the owners of the land
through which it runs to keep it open and free from obstruc-
tions, if the portions when completed and payment is made are
of the required depth, the fact that upon final completion of
the work some parts are of less depth than the contract speci-
fies will not defeat recovery for the balance of the work.

**Same:** WAIVER AS TO TIME OF PERFORMANCE. The right to object to
completion of the work after the time limited in the contract
may be waived; and where the evidence shows payments were
knowingly made without objection that the contract had not
been complied with in that regard, the jury is justified in find-
ing a waiver.

**Demurrer:** RULING: HARMLESS ERROR. Error if any in sustaining
a demurrer to a counterclaim is without prejudice, where no
different result could have been reached had the issues tend-
ered thereby been submitted.

*Appeal from Page District Court.*— HON. W. R. GREEN,
Judge.

THURSDAY, JULY 9, 1908.

ACTION to recover money alleged to be due under a
contract for the construction of a ditch. There was a ver-
dict for the plaintiffs, and, from the judgment thereon, de-
fendant appeals.— *Affirmed.*

*Earl R. Ferguson,* for appellant.

*W. E. Mitchell* and *Parslow & Peters,* for appellees.

McCLAIN, J.— In January, 1905, the plaintiff partnership entered into a contract with the defendant for the construction of a ditch about four miles in length through the lands belonging to the parties to the contract, three-quarters of a mile of it being through the land of defendant, for the purpose of carrying in a straight channel the waters of the Nishnabotna river, in Fremont county. By the terms of the contract the ditch was to have a uniform fall equal to the natural fall of the river between the initial and terminal points of the ditch and a uniform depth and size of fourteen feet in depth, twelve feet in width at the bottom and twenty-four feet in width at the top, subject, however, to such variations in·depth and surface width as might be required by surface elevations and depressions and of the natural lay of the land along the entire course of said proposed ditch; the purpose and object of the parties as recited being that said ditch at its commencement and terminal points and at all points where it touched the river should be on the usual level of the bottom of the channel of the river. The·ditch was to be completed by May 1, 1906, but by agreement of parties the time for completion was subsequently extended to June 15th of that year. As ·to payment by defendant, it was provided that he should pay $7,000, $1,000 on the completion of each mile from point of commencement, balance at completion of the work. It was further agreed that, after the construction of the ditch, it should be properly kept and maintained open for free flow of water through its channel by the respective owners of the contiguous tracts of land through which it should run, and all obstructions should be removed by and at the expense of the respective owners, where the same should occur. Defendant made four successive payments of $1,000 each on the completion of each of four consecutive miles of ditch, but refusing to pay the balance, this action was brought to recover $3,000 remaining unpaid. Defendant denied that the ditch had been constructed in conformity with the pro-

visions of the contract as to depth, and alleged that the contract was not completed within the time specified in the contract and the extension thereof to June 15th, and also by way of counterclaim sued to recover back the $4,000 paid. A demurrer to defendant's counterclaim was sustained, and, on trial to a jury of the issues relating to the performance of the contract by plaintiffs, there was a verdict in plaintiffs' favor for the amount claimed.

With reference to the compliance by plaintiffs with the terms of the contract as to the depth of the ditch, the court instructed the jury that the contract established a grade line

1. WATERS AND WATER COURSES: construction contracts: performance: findings of fact.

for the bottom of the ditch on the level of the bottom of the river channel at the initial and terminal points and at all points where it intersected the river, and that, if the grade line of the bottom of the ditch complied with this requirement, it was sufficient, although by reason of inequalities of the surface it was not at all places fourteen feet in depth and that a variation from the grade line of the bottom of the river at other points would be immaterial; also, that slight variations from the grade line not affecting the flow of the water to a material degree would not defeat recovery if the conditions of the contract were substantially complied with. This construction of the contract seems to us to be correct, and, as there was evidence tending to show full compliance by plaintiffs with the terms of the contract as thus interpreted, so far as the grade line of the ditch as constructed was in question, the conclusion of the jury is binding upon us.

With reference to the depth of the ditch, there is a further question raised by evidence tending to show that at some time after the entire ditch was completed it was not

2. SAME.

of the depth required by the contract on account of caving of banks and the deposit of sediment. On this subject, the court instructed that, if each consecutive mile for which payments were made by defend-

ant was constructed of the required depth, the fact that afterwards the banks caved in and thus raised the level of the bottom to a point above the grade line would not prevent plaintiffs' recovery, as the duty of keeping the ditch open and free from obstructions was imposed by the contract on the owners of the lands through which the ditch was constructed. Under this interpretation of the contract which seems to us to be correct, the jury was warranted in finding that each consecutive mile of the ditch was constructed and completed as of the requisite depth, and the fact that after the entire ditch was completed it was found that some portions thereof had become of less depth than as originally constructed would not defeat the recovery by plaintiffs.

As to the sufficiency of performance by plaintiffs in point of time, the court instructed the jury that if defendant knew the work was being continued by plaintiffs after 3. SAME: waiver the expiration of the time agreed upon for as to time of performance. the completion of the work, and, with knowledge that the work was not yet completed, the defendant without objection made payment for a portion of the work, he waived the right to object to the failure of the plaintiffs to complete the ditch within the specified time. The evidence tended to show affirmatively a payment by defendant on July 13th without objection that the work was not then completed and with knowledge of that fact, and under this evidence we cannot interfere with the conclusion necessarily reached by the jury that the time of completion of the contract, as a condition precedent to recovery by plaintiffs, had been waived. There can be no reasonable doubt as to the correctness of the instruction given by the court in this respect, and the defense interposed on account of the failure of the plaintiffs to complete the work within the time specified needs no further consideration. A few rulings made by the court in admitting or excluding evidence are complained of, but they are justified

by the construction of the contract in the respects above indicated and require no further consideration.

As to the complaint of defendant in regard to the action of the court in sustaining a demurrer to the counterclaim, it is sufficient to say that the appeal is from the judgment alone, and not from the ruling on the demurrer. Such ruling did not inhere in the judgment, for it related to an independent cause of action interposed by the defendant against the plaintiffs, as to which no issue was submitted to the jury. But, aside from this, it is plain that, if plaintiffs are entitled to recover the balance due on the contract, there could have been no right of defendant to recover back the payments made, and the error, if any, in overruling the demurrer, was error without prejudice, for no different result could have been reached had the issues tendered by the counterclaim been submitted to the jury. The same rules of law and the same evidence applicable to the issues tendered by the counterclaim were involved in the issues tried under plaintiffs' petition and defendant's answer thereto. The ruling of the court in sustaining the demurrer need not therefore be further considered.

Finding that the court committed no prejudicial error in its rulings, and that the evidence is sufficient to support the verdict, the judgment is *affirmed.*

*4. DEMURRER: ruling: harmless error.*